UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,　　　　)
　　　　Plaintiff　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　)　　　　Case No. 2:25-CR-00056
　　　　　　　　　　　　　　　　　　)
JOHN CALEB WRIGHT,　　　　　　　)
　　　　Defendant　　　　　　　　　　)

DEFENDANT'S MOTION TO SEVER COUNT 1
FROM COUNTS 2 AND 3 OF THE SUPERSEDING INDICTMENT

Defendant John Wright ("Mr. Wright"), by and through his attorneys Gravel & Shea PC, hereby moves the Honorable Court to sever Count One from Counts Two and Three of the underlying Superseding Indictment ("Superseding Indictment").

Preliminary Statement

Pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, Mr. Wright seeks an order severing Count One of the Superseding Indictment from Counts Two and Three. Count One charges Mr. Wright with willfully attempting to evade and defeat the payment of over $1 million of income tax and penalties, and interest due and owing by him to the United States of America for the calendar years 2017 and 2018, in violation of 26 U.S.C. § 7201. Count Two charges Mr. Wright with willfully failing to pay taxes for the 2020 calendar year, in violation of 26 U.S.C. § 7203. Count Three charges Mr. Wright with willfully failing to pay taxes for the 2021 calendar year, in violation of 26 U.S.C. § 7203. The severance should be granted under Fed. R. Crim. P. 8(a) on the grounds that the counts were improperly joined, or in the alternative, under Fed. R. Crim. P. 14(a) because a joint trial would substantially prejudice Mr. Wright.

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

## Background

Count One of the Superseding Indictment charges Mr. Wright with willfully attempting to evade and defeat the payment of over $1 million of income tax, penalties and, interest due and owing by him to the United States of America for the calendar years 2017 and 2018.  The Indictment alleges that Mr. Wright attempted to evade paying the 2017 and 2018 taxes by committing the following affirmative acts:

> Following notification from the IRS, dated February 1, 2021, that enforced collection of [Mr. Wright's] income and assets, including cryptocurrency assets, would begin on February 26, 2021:
>
> (a) On or about February 25, 2021, withdrawing cryptocurrency assets from his account on the Kraken cryptocurrency exchange, where the assets were accessible to third parties such as the IRS, and placing them in an unhosted (i.e., non-custodial) wallet beyond the reach of the IRS; and
>
> (b) After re-depositing cryptocurrency assets into his Kraken account on or about May 14, 2021, again withdrawing those assets and transferring them to unhosted wallets beyond the reach of the IRS, on or about May 22, 2021, May 23, 2021, and May 30, 2021.

*See* Superseding Indictment.

Count Two of the Superseding Indictment charges Mr. Wright with willfully failing to pay income tax of approximately $8,818 due for the calendar year 2020.  *Id.*

Count Three of the Superseding Indictment charges Mr. Wright with willfully failing to pay income tax of approximately $127,077 due for the calendar year 2021.  *Id.*

## Argument

1.    Legal Standard

"Joinder of offenses is permissible if those offenses 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" *United States v. Gu*, 2017 WL 1422366, at *2 (D. Vt. Apr. 20, 2017)



gravel & shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

(quoting Fed. R. Crim. P. 8(a)). "Counts that have a sufficient logical connection to each other can be tried together, as can those where the same evidence may be used to prove each count." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (internal citations and quotation marks omitted). "For purposes of analysis under Rule 8(a), no one characteristic is always sufficient to establish similarity of offenses, and each case depends largely on its own facts." *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991) (internal citation and quotation marks omitted).

"[T]he propriety of joinder turns on what is alleged in the indictment, not on evidence later adduced." *United States v. Bonventre*, 646 Fed. Appx. 73, 80 (2d Cir. 2016) (summary order); *see also United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) ("Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment."). Whether joinder is appropriate is pure question of law. *See United States v. Feyrer*, 333 F.3d 110, 113 (2d Cir. 2003).

Even where joinder is proper under Rule 8(a), the district court has the discretion under Rule 14(a) to sever counts and order separate trials "[i]f the joinder of offenses . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *see also United States v. Werner,* 620 F.2d 922, 928 (2d Cir. 1980). Severance is warranted upon a showing that there would be "substantial prejudice" in having a joint trial. *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004).

"The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). "To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *Id.*



gravel & shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

2.    Improper Joinder

Joinder of Count One and Counts Two and Three is improper in this case.  This is true for two reasons.  First, the Superseding Indictment itself fails to *allege* any connection or nexus between Count One and Counts Two and Three.  Second, Count One is sufficiently distinct from Counts Two and Three.  As such, joinder is improper.

Here, the Superseding Indictment fails to allege any factual connection between Count One and Counts Two and Three.  Nowhere in the Indictment is there an allegation that the taxes that Mr. Wright allegedly attempted to evade as outlined in Count One are the same as the taxes Mr. Wright allegedly willfully failed to pay as outlined in Counts Two and Three.  There is no common plan or scheme between Count One and Counts Two and Three. With respect to Count One, the Indictment states that Mr. Wright took a series of affirmative acts in furtherance of his 2021 willful attempt to evade and defeat the payment of tax, penalties, and interest owed to the United States for the calendar years 2017 and 2018.  Conversely, Counts Two and Three state that Mr. Wright willfully failed to pay income taxes owed for the 2020 and 2021 calendar years. There is no connection between Count One and Count Two and Three.  Because "the propriety of joinder turns on *what is alleged in the indictment*, not on evidence later adduced," *Bonventre*, 646 Fed.Appx. at 80 (emphasis added), and because there is no allegation of a factual connection between Count One and Counts Two and Three in the Indictment, joinder here is improper.  *See Terry*, 911 F.2d at 276 ("Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment.").  These counts are not "of the same or similar character, . . . based on the same act or transaction, or . . . connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).



gravel & shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

For these reasons, joinder of Counts One and Two is improper under Rule 8(a) and therefore severance is necessary.

3.    Joinder Unfairly and Substantially Prejudices Mr. Wright

Even if the Court concludes joinder is proper, however, this Court should exercise its discretion under Rule 14(a) to sever the counts.  *See* Fed. R. Crim. P. 14(a).  The substantial prejudice to Mr. Wright if Count One is tried with Counts Two and Three is clear and obvious on its face.  "To warrant severance, the prejudice must be of such a degree that the defendant's rights cannot adequately be protected by cautionary instructions to the jury and that, without a severance, [defendant] would be denied a fair trial."  *United States v. Owens*, 824 F. Supp 24 (D.  Conn. 1993) (citing *United States v. Jamer*, 561 F.2d 1103, 1107-08 (4th. Cir. 1997) and *United States v. Long*, 697 F.Supp. 651, 662 (S.D.N.Y. 1998)).   If the jury is aware that Mr.  Wright is also being charged with failure to pay taxes, they will likely assume that he also attempted to evade paying taxes, penalties, and interest for the previous years as alleged and vice versa.  Given this assumption, there is no possible way for Mr. Wright to receive a fair and impartial trial, one in which he is presumed innocent until proven guilty.  No cautionary instructions to the jury will cure this substantial prejudice.

This Court therefore should use its discretion to sever Count One from Counts Two and Three.  Doing so would protect Mr. Wright's "presumption of innocence," which is "a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S. Ct. 1691, 1692, 48 L. Ed. 2d 126 (1976), 425 U.S. at 503 (1976); *see also id.* ("In the administration of criminal justice, courts *must carefully guard against* dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." (emphasis added)).

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 5 -

<u>Conclusion</u>

For the foregoing reasons, the Court should grant Mr. Wright's Motion to Sever under Rule 8 on the grounds that Count One and Counts Two and Three were improperly joined, or in the alternative, under Rule 14 because a joint trial would substantially prejudice Mr. Wright.

Dated:    June 22, 2026

*/s/ Brooks G. McArthur*
Brooks G. McArthur, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
bmcarthur@gravelshea.com
Attorneys For Defendant



76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 6 -