US DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 28 P 5: 02

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cr-00056-cr-1 |
| | ) | |
| JOHN CALEB WRIGHT, | ) | |
| Defendant. | ) | |

**ENTRY ORDER**
**DENYING DEFENDANT'S MOTION TO SEVER COUNT ONE FROM COUNTS TWO AND THREE OF THE SUPERSEDING INDICMENT**
(Doc. 23)

On April 30, 2026, John Caleb Wright was charged in a Superseding Indictment with one count of willfully attempting to evade and defeat taxes in violation of 26 U.S.C. § 7201 (Count One) and two counts of willfully failing to file and pay tax returns in violation of 26 U.S.C. § 7203 (Counts Two and Three). On June 22, 2026, Mr. Wright moved to sever Count One from Counts Two and Three of the Superseding Indictment. (Doc. 23.) On July 6, 2026, the government opposed the motion, (Doc. 24), and no reply was filed.

Mr. Wright is represented by Brooks G. McArthur, Esq. The government is represented by Assistant United States Attorney Corinne M. Smith.

I.      **Factual and Procedural Background.**

With respect to Count One, the Superseding Indictment alleges that "[i]n or about February and May 2021," Mr. Wright "willfully attempted to evade and defeat the payment of over $1 million of income tax, penalties, and interest due and owing by him to the United States of America for the calendar years 2017 and 2018 by committing the following affirmative acts":

> Following notification from the [Internal Revenue Service ("IRS")], dated February 1, 2021, that enforced collection of [Mr. Wright]'s income and assets, including cryptocurrency assets, would begin on February 26, 2021:
> 
> (a) On or about February 25, 2021, withdrawing cryptocurrency assets

from his account on the Kraken cryptocurrency exchange, where the assets were accessible to third parties such as the IRS, and placing them in an unhosted (*i.e.*, non-custodial) wallet beyond the reach of the IRS; and

(b) After re-depositing cryptocurrency assets into his Kraken account on or about May 14, 2021, again withdrawing those assets and transferring them to unhosted wallets beyond the reach of the IRS, on or about May 22, 2021, May 23, 2021, and May 30, 2021.

(Doc. 20 at 1.)

Regarding Count Two, the Superseding Indictment claims that, during the calendar year 2020, Mr. Wright had received taxable income of approximately $21,616, for which Mr. Wright owed the United States approximately $8,818 in income tax. This income tax was allegedly due to the IRS on or before May 17, 2021, yet Mr. Wright "willfully fail[ed] . . . to pay the income tax due." *Id.* at 2. In Count Three, the Superseding Indictment alleges that, during the calendar year 2021, Mr. Wright had received taxable income of approximately $488,667, for which Mr. Wright owed the United States approximately $127,077 in income tax. This income tax was allegedly due to the IRS on or before April 18, 2022, but Mr. Wright "willfully fail[ed] . . . to pay the income tax due." *Id.* at 3.

## II.    Conclusions of Law and Analysis.

### A.    Whether the Court Should Sever Count One From Counts Two and Three Under Fed. R. Crim. P. 8(a).

Under Fed. R. Crim. P. 8(a), an indictment "may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Courts have "interpreted Rule 8(a) as providing a liberal standard for joinder of offenses." *United States v. Wilson*, 512 F. App'x 75, 76 (2d Cir. 2013) (citation omitted).

"'Joinder is proper where the same evidence may be used to prove each count,' or if the counts have a 'sufficient logical connection[.]'" *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal citations omitted); *see also United States v. Rivera*, 546

2

F.3d 245, 253 (2d Cir. 2008) ("Counts that have a 'sufficient logical connection' to each other can be tried together, as can those 'where the same evidence may be used to prove each count[.]'") (internal citations omitted). The government contends that joinder is proper because Counts One, Two, and Three are of the same or similar character and because they are connected with or constitute parts of a common scheme or plan. It argues that Mr. Wright's "purpose in avoiding payment was, consistently over the charged time period, to allow his cryptocurrency assets to grow in value[]" and that, at trial, its "proof will require analysis of [Mr.] Wright's sources of income, including his cryptocurrency accounts, and statements by [Mr.] Wright demonstrating that he knew he owed taxes during the time period at issue and that he was waiting for cryptocurrency values to rebound before he paid what he owed." (Doc. 24 at 3, 5.)

### 1.     Whether the Court Should Consider Evidence Other Than the Superseding Indictment.

As a threshold issue, in determining whether joinder is proper under Rule 8, Mr. Wright contends that the court should only consider facts alleged in the Superseding Indictment. "[T]he propriety of joinder turns on what is alleged in the indictment, not on evidence later adduced." *United States v. Bonventre*, 646 F. App'x 73, 80 (2d Cir. 2016) (citation omitted); *see also United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) ("[B]ecause Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment.") (internal quotation marks omitted) (quoting *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990)). The government counters that Mr. Wright "cites an unpublished summary order from the Second Circuit and a Ninth Circuit case[]" and that, in *United States v. Werner*, 620 F.2d 922 (2d Cir. 1980), the Second Circuit "appeared to consider the full scope of the evidence at trial and noted a 'frequent' argument by the government in favor of proper joinder was that the evidence in separate trials would significantly overlap." (Doc. 24 at 3 n.2.)

The Second Circuit has held that a court should only consider "what is 'alleged' in the 'indictment[]'" when determining whether "to join parties" under Rule 8(b). *United*

3

*States v. Rittweger*, 524 F.3d 171, 178 (2d Cir. 2008) (quoting Fed. R. Crim. P. 8(b)); *see also United States v. Sattar*, 272 F. Supp. 2d 348, 379 (S.D.N.Y. 2003) ("Rule 8(b), unlike Rule 8(a), specifically turns on what is 'alleged' against the defendants."). In determining whether joinder of offenses is proper "in the Rule 8(a) context[,]" however, "there are cases . . . that suggest the [c]ourt can rely on the [g]overnment's pre-trial representations as well[.]" *United States v. Pizarro*, 2018 WL 1737236, at *4 (S.D.N.Y. Apr. 10, 2018) (collecting cases), *aff'd*, 2023 WL 3332539 (2d Cir. May 10, 2023); *see also United States v. Campbell*, 2026 WL 1894330, at *7 (E.D.N.Y. July 1, 2026) ("[O]n multiple occasions in the past, the Second Circuit has taken extrinsic evidence into account when reviewing Rule 8(a) motions simply as a matter of course and without any discussion whatsoever.") (collecting cases). Whether a court should confine itself to the four corners of an indictment when assessing joinder under Rule 8(a) "therefore remains unsettled." *Campbell*, 2026 WL 1894330, at *7.

Here, the court need not decide this issue because, assuming without deciding that it may only consider what is alleged in the Superseding Indictment, joinder is proper under Rule 8(a).

### 2.     Whether Count One and Counts Two and Three Are of the Same or Similar Character.

"'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *Rivera*, 546 F.3d at 253 (citation omitted); *see also Werner*, 620 F.2d at 926 (explaining that "similar character" under Rule 8(a) "means [nearly] corresponding; resembling in many respects; somewhat alike; having a general likeness[]") (internal quotation marks and citation omitted). Rule 8(a) does not require "too precise an identity between the character of the offenses" because to do so "'would fail to give effect to the word "similar" succeeding the word "same" and thus violate an elementary rule of statutory construction.'" *Werner*, 620 F.2d at 926 (citation omitted). "[N]o one characteristic is always sufficient to establish similarity of offenses, and each case depends largely on its own facts." *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991) (internal citations and quotation marks omitted).

Tax evasion under 26 U.S.C. § 7201 and failing to pay taxes under 26 U.S.C. § 7203 are generally considered of the same or similar character. *See, e.g., United States v. Todaro*, 610 F. Supp. 923, 925 (W.D.N.Y. 1985) (finding that three counts of evading taxes for fiscal years ending in 1976, 1977, and 1978, and four counts of willfully filing false tax returns for fiscal years ending in 1976, 1977, 1978, and 1979 were "sufficiently similar . . . to warrant joinder under [R]ule 8(a)[]"); *see also United States v. Huffine*, 2002 WL 1423291, at *3 (E.D. La. June 26, 2002) ("There is clearly some overlap as to the tax charges brought against the defendant, and the [c]ourt concludes that the offenses are of a similar enough nature to make joinder proper."). Indeed, courts have long recognized failure to pay taxes under 26 U.S.C. § 7203 as a lesser included offense of tax evasion under 26 U.S.C. § 7201.[1] "Lesser included offenses and their greater offenses are considered a single offense and may not be punished separately." *United States v. Valerio*, 765 F. App'x 562, 568 (2d Cir. 2019) (citing *Rutledge v. United States*, 517 U.S. 292, 297 (1996)); *see also United States v. Whyte*, 630 F. App'x 104, 109 (2d Cir. 2015) ("Lesser[ ]included offenses and their greater offense are considered a single offense, and may not be punished separately.") (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

In this case, although Count One involves the calendar years 2017 and 2018 and Counts Two and Three involve the calendar years 2021 and 2022, all charges, as alleged

---

[1] *See Sansone v. United States*, 380 U.S. 343, 349 (1965) ("Since there is no doubt that [26 U.S.C.] §§ 7201 and 7203 [] apply to income tax violations, with obvious overlapping among them, there can be no doubt that the lesser[ ]included offense doctrine applies to these statutes in an appropriate case."); *United States v. Israelski*, 597 F.2d 22, 25 (2d Cir. 1979) ("[T]he misdemeanor of willfully failing to file a tax return, in violation of 26 U.S.C. [§] 7203, is a lesser included offense of the felony of willfully attempting to evade or defeat a tax, in violation of 26 U.S.C. [§] 7201."); *United States v. Boone*, 951 F.2d 1526, 1541 (9th Cir. 1991) ("The misdemeanor of willful failure to file an income tax return is a lesser included offense of the felony of willful attempt to evade or defeat income taxes.") (citation omitted); *United States v. Buckley*, 586 F.2d 498, 504 (5th Cir. 1978) ("Where one of the affirmative acts of evasion relied upon by the government in proving attempted tax evasion under Section 7201 is the failure to file an income tax return, failure to file is a lesser included offense[.]"); *but see United States v. Hassebrock*, 663 F.3d 906, 917 (7th Cir. 2011) ("[26 U.S.C.] § 7203's charge of willful failure to file is not a lesser included offense of § 7201's charge of tax evasion.") (citations omitted).

in the Superseding Indictment, stem from Mr. Wright's alleged tax evasion conduct in Vermont. *See Werner*, 620 F.2d at 926 (finding two thefts committed two years apart were of the same or similar nature despite only one involving violence because "[b]oth were accomplished by [defendant]'s exploitation of his knowledge of the airline's cargo handling procedures[]" and "[t]he success of the first theft stimulated [defendant] to be on the alert to commit another much larger one[]"). The elements of each of the offenses in question have some or complete overlap, and each offense shares the same requisite intent element of willfulness. *See United States v. Garrett*, 2009 WL 10684960, at *1 (S.D. Cal. Feb. 3, 2009) (finding that different tax offenses "meet the 'same or similar' prong of Rule 8(a)[]" because "all of the joined offenses are criminal tax offenses, with similar elements[,]" and all offenses occurred within five years "in the same physical location"). As the government points out, "[a]ll three counts require the government to prove that the defendant owed taxes and that he acted willfully to avoid paying them." (Doc. 24 at 5) (citing 26 U.S.C. §§ 7201, 7203).

Against this backdrop, the court finds Counts One, Two, and Three of the Superseding Indictment "are of the same or similar character" such that joinder is proper under Fed. R. Crim. P. 8(a).[2] Accordingly, Mr. Wright's motion to sever on Rule 8 grounds is DENIED.

### B.    Whether the Court Should Sever Count One From Counts Two and Three Under Fed. R. Crim. P. 14(a).

In the event that the court found joinder proper under Fed. R. Crim. P. 8(a), Mr. Wright alternatively contends that the court "should exercise its discretion under Rule 14(a) to sever the counts." (Doc. 23 at 5.) Joinder is "designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro v. United*

---

[2] Because the court finds joinder is proper due to the same or similar character of the offenses, it need not determine whether Count One and Counts Two and Three constitute parts of a common scheme or plan. *See United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980) (explaining that, because the offenses were of the same or similar character, the Second Circuit "need not decide whether the case was [] also one of 'two or more acts or transactions connected together'").

6

*States*, 506 U.S. 534, 540 (1993) (internal quotation marks and brackets omitted). Under Fed. R. Crim. P. 14(a), if the joinder of offenses in an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

A defendant seeking severance under Rule 14 bears "a heavy burden of showing that joinder will result in substantial prejudice[.]" *Page*, 657 F.3d at 129 (internal quotation marks omitted) (quoting *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994)). The defendant "must show that unfair prejudice [will] result[] from the joinder, not merely that he 'might have [] a better chance for acquittal at a separate trial.'" *Id.* (quoting *United States v. Rucker*, 586 F.2d 899, 902 (2d Cir. 1978)). "In addition, 'a defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials.'" *Id.* (alteration adopted) (quoting *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998)). "[I]n order to prevail, the defendant must show not simply some prejudice but *substantial* prejudice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (emphasis in original) (internal quotation marks omitted) (quoting *Werner*, 620 F.2d at 928).

"Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39; *see also United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) ("[T]he decision whether to sever under Rule 14 is confided to the sound discretion of the trial court.") (citations omitted). "'[L]ess drastic measures than severance, such as limiting instructions, often will suffice' to cure any risk of prejudice and permit joinder." *Page*, 657 F.3d at 129 (alteration adopted) (quoting *Zafiro*, 506 U.S. at 539).

Mr. Wright argues that he will suffer prejudice without severance because "[i]f the jury is aware that Mr. Wright is also being charged with failure to pay taxes, they will likely assume that he also attempted to evade paying taxes, penalties, and interest for the previous years as alleged and vice versa." (Doc. 23 at 5.) "The presumption of innocence . . . is a basic component of a fair trial under our system of criminal justice." *Estelle v.*

7

*Williams*, 425 U.S. 501, 503 (1976). "In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *Id.* (citation omitted).

As the Second Circuit has instructed, however, "[g]ranting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case." *Werner*, 620 F.2d at 929 (collecting cases); *see also United States v. Lee*, 2017 WL 1276705, at \*2 (W.D.N.Y. Apr. 6, 2017) ("A defendant always faces some prejudice if charged with more than one offense, but Rule 8(a) reflects that the interests of sound and efficient judicial administration authorize joint trials despite this degree of prejudice.") (citation omitted). As a result, the fact that Mr. Wright is charged with multiple offenses alone does not constitute substantial prejudice warranting severance.[3] The court may alleviate any prejudice by providing limiting instructions that the elements as to each offense must be proven beyond a reasonable doubt, each offense must be evaluated on its own, no inference of guilt is to be drawn from the number of counts charged in the Superseding Indictment, and a guilty verdict on one count does not mitigate the requirement that every other count be established beyond a reasonable doubt.

As the government points out, joining Mr. Wright's offenses promotes judicial economy because, for each count, the government's "proof" will "significant[ly] overlap[,]" the government's "documentary evidence" will be "similar[,]" and the government's witness lists will "substantially overlap, if not be nearly identical." (Doc.

---

[3] *See United States v. McCabe*, 2014 WL 652941, at \*3 (W.D.N.Y. Feb. 19, 2014) ("[D]efendant [] argues that there is a risk of substantial prejudice in joining the counts since the jury is likely to consider it more likely that he committed one type of offense because he is charged with other types of offenses. This potential adverse effect is present in every case involving a joinder of counts, and the Second Circuit has found that it is not enough, on its own, to warrant severance.") (citation omitted); *United States v. Hill*, 2019 WL 2110573, at \*5 (M.D. Pa. May 14, 2019) (finding defendant's "broad assertions with respect to the purported negative effects of trying a defendant on more than one charge at a time" did not constitute substantial prejudice because such arguments "can be claimed with respect to any case in which a defendant is charged with multiple offenses[]") (emphasis omitted).

8

24 at 6-7.) Mr. Wright thus has not established that the prejudice to him outweighs the promotion of judicial economy resulting from joinder.

## CONCLUSION

For the foregoing reasons, the court DENIES Mr. Wright's motion to sever. (Doc. 23.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 28th day of July, 2026.

Christina Reiss, Chief Judge
United States District Court